## IRA CLARK *versus* JAMES L. PEABODY.

It was held, that if the patent right, which was the consideration of a note, was not wholly worthless, the consideration was sufficient to entitle the payee to recover the full amount of the note.

If it appears on the face of a promissory note, that it was given "for value received," this is *prima facie* evidence of a sufficient consideration.

No action can be maintained by an indorsee of a note, unless it was indorsed by the payee before the commencement of the suit.

The ratification by the payee of a note of an indorsement thereof, made by one assuming to act as his agent without authority from him, can operate only as an indorsement made at the time of the ratification.

In an action by an indorsee against the maker of a note, the written admission by the payee, that one acting as his agent in indorsing it had authority from him for that purpose, is not competent evidence to prove the agency.

EXCEPTIONS from the Western District Court, GOODENOW J. presiding.

The plaintiff claimed to support his action as indorsee of a note made by the defendant to Baker Webster or order, for $250, dated Sept. 9, 1839, and payable one half in one year and one half in two years. The writ was dated Oct. 2, 1840. The indorsement was thus : — " Baker Webster by D. Webster, Agent." The defendant denied, that D. Webster had any authority to make the indorsement. It was proved to be in the handwriting of D. Webster, but there was no evidence of any previous authority of Davidson Webster to sign the name of Baker Webster, and to show the authority, the plaintiff offered in evidence the following memorandum on the back of the note in the handwriting of Baker Webster, made in Court immediately before the trial. " This note was indorsed by Davidson Webster by my consent, who at the time was my agent. Baker Webster." The indorsement by D. Webster was not made until after the first payment was overdue. The defendant then contended, that the present plaintiff could not maintain the action. The presiding Judge ruled, that the action could be maintained, upon this evidence, if believed by the jury, subject to the same equitable defence, as if it had been brought by the payee.

The note was given for " one half of the right to use, construct and vend Farnham's patent pump in certain towns in the county of Cumberland." Evidence was introduced by the defendant tending to show that the right was worthless. And he contended that if it was not wholly worthless, yet that as it had been proved, that a joint purchaser of the other half of the right for the same towns had paid therefor $250 before this suit was commenced, that more than the right could be worth had already been received therefor, and the jury were at liberty to find, as due on the note, only the actual value of the right. The Judge instructed the jury, that if it had been proved to their satisfaction that the right was worthless, they should find for the defendant, otherwise they should find for the plaintiff the amount of the first instalment due on the note, with interest.

The defendant also contended, that if Farnham had no valid patent right, or had never conveyed it to Baker Webster, then nothing passed by the deed to the defendant; and that under the circumstances of this case, the plaintiff should be holden to prove that Baker Webster had a title to the patent right. The Judge instructed the jury, that the burden was on the defendant to prove these facts, if he deemed them material to his defence, and that the plaintiff was not required to offer proof of title in Baker Webster in order to maintain the suit.

The verdict was for the full amount of the first payment, and interest; and the defendant filed exceptions.

*Howard & Osgood,* for the defendant, contended that the District Judge erred in admitting the memorandum on the back of the note as evidence of the authority of D. Webster to make the indorsement. It is the mere admission, or declaration, of the payee of the note, and not competent evidence between third persons, as this suit is. Nor was there any necessity for it, for D. Webster was a competent witness.

If this is evidence of a ratification of the authority of the pretended agent, it can have no effect as it respects third per-

sons, excepting from the time when the ratification was made. This would not be sufficient, as the memorandum was not put upon the note until after the suit was commenced. Story on Ag. 236 to 248; 11 Mass. R. 98; 12 Mass. R. 185; 3 Greenl. 73; 7 Greenl. 28; 17 Maine R. 266.

*Bradley & Caverly*, for the plaintiff, contended that the memorandum on the back of the note, signed by Baker Webster, amounted to a complete ratification of the agency of D. Webster. 17 Maine R. 270; 3 Greenl. 73; 7 Greenl. 28; 13 Pick. 377; 3 Pick. 246; 8 Pick. 9; 12 Wend. 525. Any one who has the possession of a note without fraud may receive payment and discharge it. 9 Mass. R. 423; 3 Cranch, 208.

The instruction of the District Judge, that if the patent right was of some value, its mere inadequacy as a consideration was no defence, was correct. 6 Pick. 427; Chitty on Con. 7; 2 B. & Cr. 474; 1 Dane, 109, 110; 14 Pick. 219; 22 Pick. 514; 12 Conn. R. 234; 3 Shepl. 296; 5 Shepl. 329.

The note acknowledges that value was received, and this is *prima facie* evidence of the fact. 2 Shepl. 18; 4 Shepl. 397; 14 Pick. 201.

The opinion of the Court was drawn up by

TENNEY J. — This case comes before us on exceptions taken to the ruling of the Judge of the District Court in admitting evidence, which was objected to, and also to certain instructions to the jury.

The instruction, that if the patent right, which was the consideration of the note, was not worthless, they would return a verdict for the sum which was payable when the action was commenced, and interest thereon, we think correct. It is not for the Court or jury to amend or alter an improvident bargain, fairly made by the parties, unless there has been a failure of the entire, or a certain and distinct part of the consideration. Such is not the case here. The jury were required to find for the defendant, if the patent right was utterly worthless. It is not pretended, that the defendant did not obtain all that he

contracted for, and a reduction in damages would be substituting the opinion of the jury for the price agreed upon by the parties.

The view taken by the Judge, that in order to avoid the note for want of consideration, the burden would be on the defendant, is not subject to objection. The promise is made upon consideration expressed, which must be taken as true till the contrary is shown.

Was the plaintiff entitled to a verdict upon the evidence adduced, which was competent? The defendant denied the authority of Davidson Webster to indorse the note for Baker Webster, and objected to the admission of the memorandum made and signed .by the latter on the day of trial in Court, as evidence of such authority. No action can be maintained by an indorsee on a note payable to a person therein named, or order, unless the same shall have been indorsed, before the commencement of the action. A party may in numerous and perhaps in most instances, adopt and ratify the act of one professing to be his agent, when no power at the time to perform the act existed, so far as to bind the principal; and such ratification will relate back to the time of the act. But this is by no means true, in reference to the liability of third persons. As when a certain thing must be done by one having power to do it as a prerequisite to constitute a liability of a party, who had no agency in the act, the ratification of the performance thereof, by one unauthorized, cannot create a liability, when none existed before. A notice of the dishonor of a promissory note by a mere stranger, not a party to the same, or authorized by one interested, would not be a notice, which would bind an indorser. Story's Agency, § 247.

There can be no ratification of the indorsement of a note, which can relate back, so as to make that a transfer, at a time earlier, than the ratification; and the ratification can have no greater effect, than would the indorsement itself, made at the same time by the payee. The cases referred to by the plaintiff's counsel from our own Reports, are those where the notes were indorsed by the payee before suits were brought, and

Clark *v.* Peabody.

therefore are not applicable to the present inquiry. Then so far as Baker Webster adopted the indorsement of Davidson · Webster, it was too late to affect the present action.

Again, it is insisted that the memorandum, " this note was indorsed by Davidson Webster by my consent, who at the time was my agent," was legal evidence of full authority to make the transfer at the time, when it purported to be made. The correctness of this proposition, which was adopted by the Court, is denied by the defendant's counsel. The memorandum is simply a written declaration of one not a party to the suit, and may be regarded as his admission, that he had no interest in the note. If however he was interested in the event of the suit, in favor of the plaintiff, this declaration even if offered by the plaintiff, to be made under oath in testimony, could not be received to affect the case. If on the other hand, the payee was disinterested, he was a competent witness, and his declarations made in Court could not be received unless in testimony. He should in such case be placed in a situation to be examined by the other party.

Can the declaration of the payee be allowed because it is in derogation of his title to the note. In the case of *Maddocks* v. *Hankey*, 2 Esp. R. 647, the doctrine contended for by the plaintiff's counsel was allowed to prevail. But in the case of *Hemmings* v. *Robinson*, Barnes' 3d Ed. 436, it was overruled. And in *Western* v. *Wilmot*, tried July 5, 1820, in Westminster Hall, the doctrine of the case of *Maddocks* v. *Hankey* was held by Abbot C. J. to be erroneous ; and Mr. Chitty in his treatise on Bills, p. 634, considers the same case as overruled.

This writing cannot be treated with more favor as evidence, between these parties, than the verbal admission of the payee made at the trial ; for if the same thing could be evidence, when in writing, and not otherwise, the admissibility would depend upon form rather than substance ; and it would be in the power of the party, to avail himself of evidence not given under oath. We think the memorandum was improperly admitted, and the

*Exceptions are sustained, and a new trial granted.*